## N. Y. SUPERIOR COURT.

### WILLIAM H. MASTERSON and others agt. ARTHUR SHORT and eleven others.

The common council of the city of New York have power to create, by ordinance, public *hackney coach stands.*

Such ordinance, however, is no defense to an action brought to restrain an improper use thereof, by blocking up a street, creating a private nuisance, so that a person is prevented from having free access to and from his property. (*See decision S. C.* 33 *How. Pr. R.* 481.)

*Special Term, January,* 1868.

PLAINTIFFS, as co-partners, brought suit against the defendants to perpetually restrain them from standing their horses and coaches in front of the plaintiffs' premises, at the northwest corner of the Seventh avenue and Fifty-ninth street. The plaintiffs are the lessees of and carry on the livery stable business on said premises. The defendants carry on the same business with their hacks, and stand them on a line on the Seventh avenue from Fifty-eighth to Fifty-ninth street, so that there remained no opening for the plaintiffs to drive their horses into and out of their premises. These acts the plaintiffs claimed to be a *private nuisance.* The defendants justify under an ordinance of the common council, making that block a *public hackney coach stand.*

At the commencement of the action, a motion for a preliminary injunction was made, and denied by Judge JONES. (*See* 33 *How. Pr. R.* 481.)

Masterson agt. Short.

The case was tried on its merits before Judge ʹBARBOUR, without a jury, and he ordered judgment for the plaintiffs, perpetually enjoining them, as prayed for in the complaint.

ALEX. H. REAVEY, *for plaintiffs.*

I. That the plaintiffs can maintain this action: see *People* agt. *Cunningham*, 1 *Denio*, 524; *Wetmore* agt. *Story*, 22 *Barb.* 414; *Gilbert* agt. *Mickle*, 4 *Sandf. Ch.* 357; *Milhau* agt. *Sharp*, 28 *Barb.* 228.

II. That the acts of which the plaintiffs complain constitute a nuisance, and which a court of equity will enjoin. (*See People* agt. *Cunningham*, 1 *Denio*, 524; *Wetmore* agt. *Story*, 22 *Barb.* 414: *Gilbert* agt. *Mickle*, 4 *Sandf. Ch.* 357.) .

What is a nuisance? It is "anything that worketh *hurt*, inconvenience, a damage" (3 *Black. Com.* 215; 2 *Bishop on Crimes*, § 848); and that it is equivalent to *torts* (3 *Stark. Ev.* 979; 2 *Green. Ev.* § 465).

That an obstruction in the highway, similar to that of which the plaintiffs complain, is a nuisance. (*See* Greasley agt. *Codling*, 2 *Bing.* 263; *Cole* agt. *Sproul*, 35 *Maine*, 161; *People* agt. *Cunningham*, 1 *Denio*, 524.)

III. That this is a case in which an injunction should issue, see *People* agt. *Cunningham*, 1 *Denio*, 524, *which is directly in point.*

IV. As to whether this action can be maintained against the defendants?

(*a.*) If the defendants repeatedly *committed the same wrong*, though at different times and not collectively or jointly, an injunction can issue against all to restrain in *futuro.*

(*b.*) Even if but one of the defendants commit the wrong, and the others participate therein and claim a common right so to do, they have of course an *interest*, and are properly made parties.

(*c.*) A judgment can be rendered against some of the defendants and in favor of others. (*See* 2 *Hilliard on Torts*, p. 462, 464; 1 *Chitty on Pleadings*, p. 86.)

(*d.*) The defendants claim they have a *right* to stand their coaches where complained of, and have a *several* and *joint* interest in the result of this case, and are properly made parties under the Code. (1 *Daniels' Ch. Pr.* 306.) And in the same book, at page 200 (*marginal* 338), the rule is laid down that, if an interest is to be defeated or diminished by the plaintiffs' claim, all persons having any interest in the subject matter are proper parties to the action.

V. It is not necessary to aver or prove a combination on the part of the defendants; it is sufficient if they all unite in doing the same thing.

1st. The complainant charges that the *defendants willfully* and wickedly did the acts complained of.

·  2d. The *evidence* established that *the defendants* systematically and *persistently* stood their coaches, and *claimed* the right to do so.

The *averment* in the *pleading* and the. *proofs* are consistent, and establish a *concert* or *unity* of action on the part of the defendants.

Webster thus defines the word *wickedly:* "In a manner or with motives and designs contrary to the divine law; viciously; corruptly." And he defines *willfully* as "by *design; with set purposes.*"

From this, it is clear that we charge *all* the defendants *with set purposes*, viciously doing the acts charged; and it is claimed that it was not necessary to use the word "*combined*" to make the defendans jointly liable.

The facts required by the Code to be stated in pleadings are such facts as were

Masterson agt. Short.

required to be stated in pleadings at the common law; that is, *issuable* facts, facts essential to the cause of action or defense, *and not those facts and circumstances which merely go to establish such essential facts.* (*Knowles* agt. *Gee,* 8 *Barb.* 300.)

The provision of the Code, declaring that when parties are numerous, and it is impracticable to bring them all before the court, *one* or *more* may *sue* or *defend* for the *benefit* of the whole, applies *indiscriminately* to *all* actions, whether they involve questions of *common interest or not.* (*MsKenzie* agt. *L'Amoreaux,* 11 *Barb.* 516.)

In actions of tort, one of two defendants pleading separately may be acquitted, when the jury cannot agree respecting the other. (*Thatcher* agt. *Jones,* 31 *Maine,* 528.)

The Code allows a *several* judgment to be entered whenever a several suit might have been brought. (*Parker* agt. *Jackson,* 16 *Barb.* 33.)

Where a separate action against *one* or *several* of a greater number of defendants might have been maintained, a *several* or *separate* judgment is proper. (*Harrington* agt. *Higham,* 15 *Barb.* 524,)

Where defendants, in an action of trespass, *plead severally,* and plaintiff takes issue on the pleas of two of them, goes to trial and obtains judgment against them, without replying to the plea or disposing of the other defendants on the record. the *judgment is not on that account* reversible. (*Criner* agt. *Brewer,* 13 *Ark.* 225.)

In actions *ex delicto,* judgment may be rendered against *one* defendant, *though others be acquitted.* (*Horris* agt. *Presion,* 5 *Eng.* 201.)

In an action of *tort,* a recovery may be had *against a part of the defendants.* (*Milne* ag:. *Huber,* 3 *McLean,* 212,)

Where, in trespass against several, there was a general verdict against all, it was held competent for the jury, on being called back after leaving the court room, to correct the verdict *by finding against part only.* (*Prussel* agt. *Knowles,* 4 *How. Miss.* 90.)

One of the great principles upon which courts of equity generally require all parties, who are known and within reach of its jurisdiction, to be made parties, is to prevent future litigation and take away multiplicity of suits. (*Mandeville* agt. *Riggs,* 2 *Peters,* 482.)

Several persons may be joined as defendants in a suit, though claiming distinct rights, if they have a common interest centering in the point in issue in the cause. (*Fellows* agt. *Fellows,* 4 *Cow.* 682.)

Two or more persons, having *separate* and *distinct* tenements which are injured or rendered uninhabitable by a common nuisance, or which are rendered less valuable by a private nuisance, which is a common injury to the tenements of both, may join in a suit to restrain such nuisance. (*Murray* agt. *Hay,* 1 *Barb. Ch.* 59.)

Where A. erected a nuisance and leased the premises to B , who sub-let to C., and he sub-let to D , all should be made parties to a bill to restrain the nuisance. (*Brady* agt. *Weeks,* 3 *Barb.* 157.)

All persons interested in the subject matter of the litigation should be made parties to a bill in equity. (*Neely* agt. *Anderson,* 2 *Strobh. Eq.* 262.)

The principle of equity, in respect to parties, is, that all persons interested in the *subject* of a suit ought to be before the court, so as to be concluded by the adjudication, and to avoid the vexation and expense of further litigation of the same matter by a party in interest who has been omitted. (*Van Horn* agt. *Duckworth,* 7 *Ired. Eq.* 261.)

An action on the case in the nature of a conspiracy will lie against one; or, if brought against many, all may be acquitted but one. (*Eason* agt. *Westbrook,* 2 *Murph,* 329.)

So it has been held indictable for a party to exhibit at the windows of his shop, in

Masterson agt. Short.

a public street, effigies, and thereby attract a crowd to look at them, which causes the footway to be obstructed, so that the public cannot pass as they ought to do; and that it is not at all essential that the effigies should be libelous, for the *gravamen* of the charge is the causing the footway to be obstructed; and it seems to be immaterial whether the crowd consisted of idle, disorderly and dissolute persons or not. (*Rex* agt. *Carlisle*, 6 *Car.* & *Pa.* 636; 3 *Graham & Waterman on New Trials*, 1293.)

In an *indictment* for a conspiracy, it is not necessary to use the words "conspire, combine, confederate or agree together." (1 *Gabbett Crim. Law*, 253; 1 *Deacon Crim. Law*, 209.)

*Several* may be joined, though they have acted *separately*, if the grievance, *e. g., the nuisance*, is the result of all their acts. (*Rex* agt. *Stafford and others*, 1 *B. & Ald.* 874.)

*Sergeant Talfourd* says this is the more *usual* and convenient course, though a dis. tinct indictment might, in point of law, be maintained against each. (*Rex* agt *Atkinson et al. Ld. Raymond*, 1248; *Salk.* 32; *Corn* agt. *Harley*, 7 *Met.* 462.)

IRA SHAFER, JAMES H. COLEMAN *and* J. C. SHAW, *for all the defendants.*

BARBOUR, J. This action is brought to restrain the defendants from using the street and avenue in front of the plaintiffs' livery stable as a stand for their hackney coaches, and for damages. The defendants justify under a license of the corporation of New York, setting apart and designating the portion of the street and avenue in question as a hackney coach stand.

The evidence shows that the defendants, and also the plaintiffs, stand their carriages, while waiting for fares, along the entire front of the stables of the latter, and that, as one carriage is withdrawn, the others move up and fill the space, so that there is always a continuous line of carriages in front of the plaintiffs' passage way for vehicles into and from their stables. The injury caused to the latter by this seems to be quite small, but not sufficiently so, I think, to fall within the maxim "*de minimis non curat lex.*" Indeed, the only injury sustained by the plaintiffs for which they can have a remedy in this action is that which is caused by the detention of their coaches when about to leave or enter their premises, long enough to permit an opening to be made in the line by the withdrawal of one or more of the carriages, which has always been done upon their request.

Undoubtedly, the corporate authorities of the city of New York have power under the charter (if, indeed, it can be said, after the recent decisions of our highest court, that a charter is still in existence) to license hackney coaches, and designate such portions of the streets of the city for the standing places thereof as they see fit. But they are bound to exercise that power with reasonable discretion. No ordinance of the corporation can lawfully authorize the creation of a private nuisance, and it follows that no such ordinance will justify him who creates one.

The continual blocking up of the only doorway of the plaintiffs' stables is certainly a nuisance, "a thing that worketh hurt" to them; and it is none the less so by reason of the letter of the ordinance which confers upon the owners of public hacks the right thus to use that portion of the streets.

The plaintiffs must have judgment perpetually restraining the defendants from obstructing the passage way in question, with costs.

As I am unable to determine from the evidence what amount of pecuniary damage has been sustained by the plaintiffs, I can make no direction as to that, except to say that, if they desire it, they may take a reference to ascertain what damages they have sustained by the obstruction to their passage way.

The decree will be settled before me, if necessary, on two days' notice.